United States District Court
Southern District of Texas
**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **LOVEPREET SINGH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00833** |
| | § | |
| **MIGUEL VERGARA, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Lovepreet Singh's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, or alternatively, Motion for Summary Judgment, (Dkt. 5), is DENIED.

## Background

Petitioner is a noncitizen originally from India who has resided in the United States since April of 2023. (Dkt. 1 at 6.) Petitioner entered the United States without inspection in April of 2023, was apprehended by immigration officials and released pending his immigration proceedings. *See Singh v. Noem et al*, 5:25-cv-289, Dkt. 1 (S.D. Tex. Dec. 24, 2026). Years later, Petitioner was redetained by DHS in October of 2025. (Dkt. 1 at 7; Dkt. 6 at 8.)

In December of 2025, Petitioner filed a petition for writ of habeas corpus, challenging his detention ("first petition"). *See Singh*, 5:25-cv-289, Dkt. 1. In his first petition, Petitioner requested that the Court immediately release him or provide him with a bond hearing under 8 U.S.C. § 1226(a) based on claims that Respondents unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), his rights as a member of the *Maldonado Bautista* class, and his rights under the Fifth Amendment Due Process Clause. *Id*. The Court granted Petitioner's first petition in part, declining to address the merits of Petitioner's Due Process Claim, and ordered that he receive a bond hearing under 8 U.S.C. § 1226(a). *Id*. Following the Court's order, on January 21, 2026, an Immigration Judge conducted a bond hearing and denied bond after finding Petitioner to be a flight risk. (Dkt. 5 at 2.) Petitioner filed a Motion to Enforce the Court's order arguing that the burden was improperly placed on Mr. Singh at the bond hearing and the immigration judge did not properly consider the evidence before him, and therefore the bond hearing that took place was constitutionally insufficient. *See Singh v. Noem et al*, 5:25-cv-289, Dkt. 25 (S.D. Tex. Feb. 11, 2026). The Court denied Petitioner's Motion to Enforce the Court's Order, *Singh v. Noem et al*, 5:25-cv-289, Dkt. 25 (S.D. Tex. Feb. 11, 2026). Petitioner then filed a Motion for Reconsideration, arguing that the hearing that he was provided was constitutionally deficient, that remains pending. *Singh v. Noem et al*, 5:25-cv-289, Dkt. 27 (S.D. Tex. Mar. 10, 2026).

The Court notes that on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

Thereafter, Petitioner filed a second Petition for Writ of Habeas Corpus on May 5, 2026, that is now pending before the Court. (Dkt. 1.) Petitioner argues he is being unlawfully detained in violation of the Fifth Amendment's Due Process Clause and the Suspension Clause. (*Id.* at 8–18.) He asks the Court to order his immediate release, or in the alternative, provide him with a "constitutionally adequate" bond hearing. (*Id.* at 19–20.) The Court ordered Respondents to respond to the petition on or before May 12, 2026. (Dkt. 3.) Respondents filed a timely response addressing Petitioner's claims. (Dkt. 5.) Petitioner filed a timely reply responding to Respondents' arguments and arguing that the custody redetermination hearing that took place on January 21, 2026, did not resolve the constitutional defect raised in the current petition. (Dkt. 15.) Petitioner also acknowledged in his reply that an IJ ordered him removed on May 11, 2026, and that he filed an appeal of the IJ's decision that remains pending with the Board of Immigration Appeals. (*Id.* at 8.)

**<u>Discussion</u>**

In the instant petition, Petitioner claims that his detention without procedural safeguards violates the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 8–16.) Respondents assert the Petition should be dismissed for three reasons: 1) Petitioner's decision to file a new petition while the motion for reconsideration of the Court's order in his first petition is still pending is an abuse of the writ, 2) the Court lacks jurisdiction to review the IJ's decision to deny Petitioner bond, and 3) Petitioner's due process claim fails. (Dkt. 5.) The Court addresses each argument in turn.

First, Petitioner's prior petition does not preclude the Court's consideration of his Due Process Clause claim in the current petition before the Court. Respondents argue Petitioner's petition should be dismissed as an "abuse of the writ." (Dkt. 5 at 3) (citing *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). However, the cases cited by Respondents applying the abuse of writ doctrine involve petitions filed in the criminal defendant context as opposed to the immigration habeas context. (*See* Dkt. 5 at 2–3) (citing *Salinger v. Loisel*, 265 U.S. 224, 231 (1924), *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir. 1994)). Moreover, the Supreme Court has also recognized that "[t]he federal writ of habeas corpus overrides all these considerations, essential as they are to the rule of law, when a petitioner raises a meritorious constitutional claim in a proper manner in a habeas petition" and that "federal courts must reach the merits of an abusive petition if 'the ends of justice demand.'" *McCleskey v. Zant*, 499 U.S. 467, 483, 492–93 (1991). In this case, the Court's prior decision to grant Petitioner's first petition rested on statutory interpretation rather than adjudicating Petitioner's due process claim, and therefore no prior decision by this Court or any other has decided Petitioner's claim that his current detention violates his rights under the Due Process Clause of the Fifth Amendment. Thus, where Petitioner's current Petition presents a meritorious constitutional claim that has not previously been adjudicated, the Court declines to dismiss Petitioner's current petition as an abuse of the writ.

Second, Petitioner is not asking the Court to review the IJ's discretionary decision to deny bond and therefore the Court will not dismiss the Petition for lack of subject matter jurisdiction. Instead, Petitioner raises an as-applied due process challenge to his detention under 8 U.S.C. § 1225(b)(2) without an individualized determination of the need for detention at the outset of his detention, as someone who has lived in the United States for several years prior to his re-detention by ICE. (*See* Dkt. 1 at 13.) Thus, the Court has jurisdiction to review the constitutional issue

presented by Petitioner's detention. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").[1]

Finding that the Court has jurisdiction to review the petition, the Court now considers Petitioner's constitutional challenge to his detention. Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated their rights under the Due Process Clause. The fact that Petitioner was given a bond hearing in January of 2026 does not change the Court's analysis of the underlying due process issue. Petitioner's due process rights were violated when he was detained without notice and an individualized determination of his flight risk and

[1] Petitioner repeatedly asserts that the custody redetermination hearing that took place on January 21, 2026, was constitutionally deficient because the Government did not bear the burden proving that Petitioner was a danger or a flight risk at the hearing. (Dkt. 1 at 2, 5–6, 8.) The Court rejects this argument because, generally, noncitizens must bear the burden of proving they are not a danger or a flight risk at custody redetermination hearings. *See In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond.").

dangerousness at the time he was taken into custody by ICE. Because Petitioner was entitled to notice and an individualized assessment before being detained by ICE, a post-deprivation bond hearing cannot cure the core constitutional violation that has occurred. *See Bonilla Chicas*, 2026 WL 539475, at *12 ("A post-deprivation 'hearing is no substitute for the requirement that ICE engage in a "deliberative process prior to, or contemporaneous with," the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'" (citations omitted)); *see also Cruz-Reyes v. Bondi*, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026).[2] The opportunity for this initial determination is imperative. *Id*. Thus, Petitioner's current detention violates his due process rights.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States

[2] Petitioner, at one point, asserts that the "Immigration Judge issued a final order of removal" in his case, (Dkt. 6 at 2, 8–12), while also acknowledging that he timely filed an appeal of the Immigration Judge's decision that remains pending with the Board of Immigration Appeals and his removal order "is therefore not yet administratively final," (Dkt.6 at 8). The Court clarifies that Petitioner is not subject to a final order of removal while his appeal of the IJ's removal order remains pending with the Board of Immigration Appeals. *See* 8 C.F.R. § 1241.1.

violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, or Alternatively, Motion for Summary Judgment, (Dkt. 5), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **<u>no less than three hours</u>** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 17, 2026.

Diana Saldaña
United States District Judge